**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

CEDRICK JACQUES THOMAS,

               Petitioner,

     v.

LINDA GETER,

             Respondent.

CIVIL ACTION NO.: 2:20-cv-25

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Petitioner Cedrick Thomas ("Thomas"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Thomas filed a Response. Docs. 6, 11. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Thomas' § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Thomas *in forma pauperis* status on appeal.

## BACKGROUND

Thomas is currently serving a federal sentence imposed by the District Court for the Southern District of Florida for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Doc. 6-1 at 8–9. He was sentenced to 84 months' imprisonment and has a projected release date of May 23, 2022. Id. at 9–10.

Thomas was charged with a Code 226 violation for possession of stolen property. Doc. 1-1 at 5.  However, at the disciplinary hearing, the violation was changed to a Code 305 violation for "possession of anything not authorized for retention or receipt by the inmate and not issued to him through regular channels."  Id.  After a disciplinary hearing, Thomas was sanctioned with the loss of commissary privileges for 180 days and disallowance of 14 days of good conduct time.  Id. at 7.

## DISCUSSION

In his Petition, Thomas contends his due process rights were violated in two ways.  First, Thomas states his due process rights were violated when the disciplinary hearing officer ("DHO") changed the infraction code without providing Thomas notice of the change at least 24 hours in advance of the hearing.  Doc. 1 at 6–7.  In addition, Thomas asserts his due process rights were violated when he did not receive a copy of the DHO's findings until more than a year after the DHO rendered his decision.  Id. at 7.  Thomas asks that the incident report be expunged from his record and that the Court restore his 14 days' lost good conduct time.  Id. at 8.

Respondent asserts Thomas' Petition should be denied because he was properly notified of the charges against him and he was not prejudiced by any delay in receiving the DHO's report.  Doc. 6 at 6–9.  In addition, Respondent contends the DHO's finding is entitled to deference.  Id. at 10–11.

## I.    Whether Due Process Requirements Were Met

### A.    Disciplinary Proceedings

To determine whether Thomas' right to due process was violated, the Court must determine what process was owed to Thomas.  A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due

process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)).  That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact.  Id. (citing Wolff, 418 U.S. at 563–67).  Additionally, the Eleventh Circuit Court of Appeals has determined an inmate has the right to attend his disciplinary hearing.  Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).  Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Thomas was charged on March 23, 2018, with possession of stolen property, in violation of Code 226.  Doc. 6-1 at 12.  A correctional staff member prepared an incident report, and Thomas was given a copy of the incident report the same day.  Id.  After the Unit Discipline Committee ("UDC") referred the matter, DHO Victor Santana conducted a disciplinary hearing on April 12, 2018.  Id. at 14.  DHO Santana informed Thomas the Code 226 charge was changed to a Code 305 charge, possession of anything not authorized.  Id. at 13.  Thomas waived his right to witnesses, did not have documentary evidence, and waived his opportunity to have staff representation during the hearing.  Id. at 12, 13.  Prior to the hearing, Thomas was advised of his rights before the DHO on March 26, 2018.  Id. at 12, 18.  DHO Santana concluded the evidence supported a finding of Thomas having committed the prohibited act of possession of anything not authorized, in violation of Code 305.  Id. at 12–13.

As set forth in the attachments to the parties' pleadings, the record clearly reflects Thomas received the required due process protections.  An incident report was issued on March

23, 2018, and Thomas received this incident report the same day.  Id. at 12.  Thomas was advised

of his rights before the DHO and received a copy of the notice of hearing and his rights on

March 26, 2018.  Id.  He received a DHO hearing on April 12, 2018.  Id.  Thomas attended the

hearing, and his rights were again read and reviewed with him.  Thomas declined to have a staff

representative and did not wish to present evidence or witnesses.  Id. & at 13.  DHO Santana

noted Thomas did not submit documentary evidence either at the incident report phase or the

DHO phase as a defense.  Id. at 13.  Following the hearing, DHO Santana detailed his factual and

legal conclusions, and Thomas was provided with the DHO's written report on May 2, 2019.

Doc. 1-9 at 4.  Thus, the well-documented evidence unequivocally demonstrates Thomas

received advance written notice of the charges against him, attended the hearing, was given the

opportunity to call witnesses and present documentary evidence, and received a written

statement setting forth the DHO's findings of fact.  Nonetheless, the Court further addresses

Thomas' specific arguments as to the change in charges and not receiving a copy of the DHO's

report within 15 days of the hearing.

   As to the change in charges, Thomas fails to state a due process violation.  Thomas

asserts DHO Santana changed the disciplinary infraction code from 226 to 305 but did not

provide Thomas with notice of this change at least 24 hours prior to the disciplinary hearing.

Doc. 1-1 at 5–6.  Respondent notes Thomas had fair notice of this change, as Thomas was

charged with attempting to remove a large quantity of packaged food items from the dining hall.

Doc. 6 at 7.  In addition, Respondent alleges a Code 305 charge is a lesser violation than a Code

226 violation, and this change did not prevent Thomas from presenting a defense to the facts set

forth in the incident report or presented during the hearing.  Id.  Respondent also alleges Thomas

was informed of the change prior to the hearing and said he wished to proceed, which is

undisputed.  Id.  Respondent further alleges Thomas admitted to having committed the offense,

and he cannot show he would have prepared a different defense had he been charged with the

lesser offense originally.  Id.  In support of her position, Respondent cites Foerderer v. Warden,

FCC Coleman-USP II, Case No. 5:17-cv-139, 2019 WL 1506865 (M.D. Fla. Apr. 5, 2019).

In Foerderer, the DHO amended the charge of "stealing/theft of food" to possession of

stolen property after he reviewed the evidence presented at the disciplinary proceedings.  2019

WL 1506865, at *1–2.  The district court did not overturn this amendment because the conduct

alleged was sufficient to support the possession of stolen property charge.  Id. at *2–3.

Similarly, the petitioner in Santiago-Lugo v. Warden received an incident report that charged

him with "BOP Code 108, Possession of a Cellular Phone," but the DHO found he had violated

"BOP Code 199, Conduct Which Disrupts or Interferes with the Security or Orderly Running of

the Institution (Most like Possession of a Hazardous Tool; Cell Phone, Code 108)."  785 F.3d

467, 470 (11th Cir. 2015).  The Eleventh Circuit held the DHO's change in charge code did not

violate the petitioner's due process rights because: (1) the incident report informed petitioner "he

was charged with possessing and using a cellular phone, the same conduct that served as the

basis for his violation of BOP Code 199;" (2) the only evidence the petitioner stated he would

have presented at the DHO hearing if he knew of the changed charge code was "equally

relevant" to the charge in the incident report; (3) the violations are subject to the same sanctions;

and (4) the BOP's regulations allow a DHO to find "that an inmate 'committed the prohibited

act(s) charged, and/or a similar prohibited act(s) as described in the [notice].'"  Id. at 476

(quoting 28 C.F.R. § 541.8(a)(1)).  The Eleventh Circuit based its decision on the premise that

"[t]he purpose of the advance notice requirement . . . 'is to give the charged party a chance to

marshal the facts in his defense and to clarify what the charges are, in fact.'" Id. (quoting Wolff,
418 U.S. at 564).

Here, Thomas was informed by the incident report he was being charged with having
$13.21 worth of food product in his possession, and he admitted to the accuracy of this report.
Doc. 6-1 at 15.  There is no evidence Thomas would have presented any different evidence or the
violations are not subject to the same sanctions.
https://www.bop.gov/policy/progstat/5270_009.pdf, 28 C.F.R. § 541.8(g), Table 1, pp. 46–53
(last visited Jan. 6. 2021).  In addition, DHO Santana was permitted to find Thomas committed a
similar act that was described in the incident report.  28 C.F.R. § 541.8(a)(1).  Accordingly,
Thomas' assertion is not a due process violation.

Likewise, Thomas' contention he did not receive a copy of the DHO's finding until more
than a year after the disciplinary hearing does not constitute a due process violation.  It is
undisputed Thomas did not receive a copy of the DHO's findings until May 2019, more than a
year after the April 2018 hearing.  Doc. 1-9 at 4; Doc. 6-1 at 14.  There is nothing before the
Court indicating the DHO report is required to be delivered within 15 days of the decision.
Instead, Program Statement 5270.09 provides only that the DHO is to give an inmate "a written
copy of the decisions and disposition, ordinarily with 15 work days of the decision."  Doc. 6 at
10 (citing 28 C.F.R. § 541.8(h)).  Consequently, there is no requirement that DHO Santana was
to deliver a copy of his written decision to Thomas within 15 work days of his decision.  Staff
abided by the Regulations and BOP policy in this case.  Even if staff had departed from the
applicable Regulations and policies, however, Thomas is not entitled to his requested relief.  See
Jones v. Corizon, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015)
(stating the circumvention of departmental regulations or policies does not assert a violation of

an inmate's constitutional rights) (citing <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), and <u>Harris v. Birmingham Bd. of Educ.</u>, 817 F.2d 1525 (11th Cir. 1987)).  Indeed, Thomas was not prejudiced in any way, given that he was able to appeal the decision and the appeal was considered on the merits.

The Court should **GRANT** this portion of Respondent's Motion to Dismiss.

### B.     Some Evidence Supports the DHO's Findings[1]

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced."  <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." <u>Smith v. Sec'y, Fla. Dep't of Corr.</u>, 432 F. App'x 843, 845 (11th Cir. 2011).[2] "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  <u>Hill</u>, 472 U.S. at 456.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of

---

[1]     Thomas does not challenge the sufficiency of the evidence used to convict him of a disciplinary infraction.  The Court addresses the "some evidence" standard for completeness purposes and because Respondent raises this in her Motion to Dismiss.

[2]     The "some evidence" standard is a requirement of procedural, not substantive, due process. <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974)); <u>see also</u> <u>O'Bryant v. Finch</u>, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in <u>Wolff</u> and <u>Hill</u> "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

prison administrators that have some basis in fact."  Tedesco v. Sec'y for Dep't of Corr., 190 F.

Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

       The DHO's finding that Thomas committed the changed offense of possession of

anything not authorized is supported by "some evidence."  Specifically, DHO Santana

considered Thomas' admission of the charge, the incident report and investigation, photographs

of the food items, and an officer's memorandum.  Doc. 1-9 at 2–3.  The record before the Court

reveals Thomas received all of the due process protections afforded him during the disciplinary

proceedings, and any contention to the contrary is without merit.  Thus, the Court should

**GRANT** this portion of Respondent's Motion.

## II.     Leave to Appeal *in Forma Pauperis*

       The Court should also deny Thomas leave to appeal *in forma pauperis*.  Though Thomas

has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken

in good faith "before or after the notice of appeal is filed").

       An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or

after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C.

§ 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective

standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not

proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v.

United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the

factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in*

*forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit

either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v.</u> <u>United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Thomas' Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Thomas *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Thomas' § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Thomas *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't</u> <u>Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of January, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA